# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIGFREDO MONTOYA,<br><br>        Plaintiff,<br><br>   v.<br><br>DR. RAMAN, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:10-cv-01686-AWI-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE DENIED<br><br>(Doc. 17)<br><br>FIFTEEN-DAY OBJECTION PERIOD |

**Findings and Recommendations Addressing Motion to Dismiss**

**I.    Procedural History**

Plaintiff Sigfredo Montoya, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 16, 2010. This action for damages is proceeding on Plaintiff's verified complaint against Defendants Raman and Howard for violation of the Eighth Amendment arising out of their failure to treat his severe pain from a testicular infection. 28 U.S.C. § 1915A. (Docs. 9 and 11.)

On February 13, 2012, Defendants filed a motion to dismiss for failure to exhaust the available administrative remedies. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b). Plaintiff filed an opposition on March 5, 2012.[1] Defendants did not file a reply and the motion has been submitted on the record. Local Rule 230(l).

---

[1] Plaintiff was provided with notice of the requirements for opposing a motion to dismiss for failure to exhaust in an order filed on October 27, 2011. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 13-2.)

1

II.     **Legal Standard**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare. Cal. Code Regs. tit. 15, § 3084.1. During the relevant time period, the process was initiated by submitting a CDC Form 602 describing the problem and the action requested, tit. 15, § 3084.2(a), and appeal had to be submitted within fifteen working days of the event being appealed or of the receipt of the unacceptable lower level decision, tit. 15, § 3084.6(c).[1] Up to four levels of appeal may be involved, including the informal level, first formal level, second formal level, and third formal level, also known as the director's level. Tit. 15, § 3084.5. In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney, 311 F.3d at 1199-1201.

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust is subject to an unenumerated Rule 12(b) motion, and in resolving the motion, the Court may look beyond the pleadings and decide disputed issues of fact. Morton v. Hall, 599 F.3d 942, 945 (9th Cir. 2010);

---

[1] The regulations were amended in 2011.

2

Wyatt, 315 F.3d at 1119-20. If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. Jones, 549 U.S. at 223-24; Lira v. Herrrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

### III. Discussion

#### A. Summary of Plaintiff's Eighth Amendment Claim[2]

On March 16, 2009, Plaintiff was admitted to an outside hospital for a serious testicular infection, which caused him severe pain. Upon his release from the hospital, Plaintiff was not seen by a doctor at the prison until April 13, 2009, despite having been told that he would be seen in three days. Prison staff also refused to fill the outside urologist's order for pain medication, leaving Plaintiff without any pain relief.

Once Plaintiff was seen by Defendant Raman a month later, he was prescribed medication, but he alleges that it was not the medication recommended by the urologist and it did not alleviate his pain. Additionally, Plaintiff is allergic to codeine and that was what Defendant Raman prescribed in part, despite documentation of the allergy in Plaintiff's medical file.

Plaintiff alleges that in the month between being discharged from the hospital and seeing Defendant Raman, he asked Defendant Howard on three occasions for medical attention for his pain, but Defendant refused to provide any care or allow him to see the doctor. Plaintiff alleges that as a result of Defendants Raman and Howard's actions and inactions, he needlessly suffered excruciating pain.

#### B. Summary of Defendants' Position

Defendants argue that they are entitled to dismissal for failure to exhaust because Plaintiff did not timely file his inmate appeal at the third and final of review and it was properly rejected on that ground. In support of their motion, Defendants submit evidence showing that Plaintiff initiated appeal number SATF 33-08-12366 on April 13, 2009. (Doc. 17, Motion, Crum Dec. & Ex. B.) The appeal was partially granted at the informal level of review and Plaintiff then filed the appeal at the first formal level of review, where it was partially granted on June 1, 2009. (Id.) Plaintiff next filed

---

[2] This summary is reproduced from the Court's screening order, filed on September 9, 2011. (Doc. 9.)

the appeal at the second formal level of review and it was partially granted on October 27, 2009. (Id.) Defendants contend that Plaintiff waited eight months before submitting the appeal to the third and final level of review, where it was then rejected as untimely. (Id.)

### C. Summary of Plaintiff's Position

On April 13, 2009, Plaintiff mailed appeal number SATF 33-08-12366 to the appeals office, designating it as an emergency appeal. Tit. 15, § 3084.7. (Doc. 19, Opp., Montoya Dec., ¶4 & court record p. 14.) Plaintiff's appeal was subsequently processed as a regular appeal, although he was not informed of the reason it was rejected as an emergency appeal. (Montoya Dec., ¶5.) Plaintiff received the first-level response on or around June 8, 2009, and he submitted it for a second level review on June 13, 2009. (Montoya Dec., ¶¶6, 7 & court record p. 15.) On June 18, 2009, Plaintiff received a notice from the appeals office that the second-level response to his appeal was due by July 14, 2009, but he did not receive the response back until on or around June 3, 2010. (Montoya Dec., ¶¶8-10.) Plaintiff attests that between June 19, 2009, and June 2, 2010, he did not receive his appeal back and he did not receive any documentation regarding its status. (Montoya Dec., ¶9.)

Plaintiff attests that after receiving the second-level appeal response on or around June 3, 2010, he mailed it to the third level of review on or around June 10, 2010. (Montoya Dec., ¶11.) In a letter dated June 22, 2010, Plaintiff's appeal was returned to him because he failed to fill out section H of the form, and he was directed to complete the section and return the appeal with the letter within fifteen working days. (Montoya Dec., ¶12 & court record p. 25.) Plaintiff complied by completing section H and returning the appeal on or around June 30, 2010. (Montoya Dec., ¶13 & court record p. 15.) Plaintiff's appeal was then screened out as untimely and returned to him in a letter dated July 29, 2010. (Montoya Dec., ¶14 & court record p. 26.)

Plaintiff argues that prison officials rendered the appeals process unavailable by failing to respond to his emergency appeal within the time constraints, by failing to determine whether his appeal was timely submitted to the third level of review in light of his contention that he did not receive it back until June 3, 2010, and by failing to accept his appeal for review in light of the ongoing nature of the underlying issue.

///

**D.     Findings**

Exhaustion is mandatory and unexhausted claims must be dismissed. Jones, 549 U.S. at 211. Compliance with the exhaustion requirement requires prisoners to adhere to the deadlines and other critical procedural rules, Woodford, 548 U.S. at 90, and the exhaustion requirement may not be satisfied by filing an untimely or otherwise procedurally defective appeal, Woodford, 548 U.S. at 83-84 (quotations omitted). However, in this Circuit the failure to exhaust may be excused where the administrative remedies are rendered effectively unavailable. Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010); Brown v. Valoff, 422 F.3d 926, 939-40 (9th Cir. 2005). The regulations governing administrative remedy processes apply with equal force to inmates and prison officials; thus, if an inmate complies with the procedural rules, but prison officials fail to respond in compliance with the rules or otherwise thwart the process, it becomes unavailable. Sapp, 623 F.3d at 822-23; Nunez, 591 F.3d at 1224.

This exception applies if Plaintiff can show "(1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations." Sapp, 623 F.3d at 823-24.

An appeal "suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress," Sapp, 623 F.3d at 822-23, and in this case, the parties do not dispute the sufficiency of appeal number SATF 33-08-12366. Rather, at issue is whether Plaintiff's appeal was properly or improperly rejected at the third level of review as untimely.

Under the applicable regulation, the fifteen-day time limit for Plaintiff to submit his appeal to the third level began running on the date he *received* the second-level appeal decision. Tit. 15, § 3084.6(a). Defendants have not submitted any evidence regarding the date the appeal was received by Plaintiff and although the appeal form itself contains a space for "date returned to inmate," that space was left blank at all levels of review. (Opp., court record pp. 14-15.) Plaintiff has attested under penalty of perjury that he did not receive the appeal back from the second level of review until June 3, 2010, and that proffered fact is unchallenged. Therefore, Plaintiff's initial submission of the

5

appeal to the third level of review on or around June 10, 2010, was timely under the regulation, and he also thereafter timely complied with the first screening rejection, which directed him to fill out section H of the form and return the form within fifteen working days.

While it does not appear that in submitting the appeal, Plaintiff explained to the third level appeal examiners that he just received the appeal back approximately one week earlier, and it likely would have behooved Plaintiff to notify them that he had just received it, his failure to do so did not contravene any regulation or requirement of which the Court is aware. (Montoya Dec., ¶14.) As noted in the preceding paragraph, prison personnel did not document on the appeal form when it was returned to Plaintiff, despite the existence of a space for doing so. If Plaintiff did not receive the response back until on or around June 3, 2010, his appeal was timely submitted to the third level of review and the rejection cannot be supported under the applicable regulation. Tit. 15, § 3084.6(a), (c). In as much as the second screening decision rejected Plaintiff's appeal as untimely without any further instruction or invitation to resubmit the appeal with clarification, there was nothing further left for Plaintiff to do.[3] Therefore, the Court recommends that Defendants' motion to dismiss for failure to exhaust be denied.[4]

## IV.  Recommendation

For the reasons set forth above, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss for failure to exhaust, filed on February 13, 2012, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with these Findings and Recommendations, the parties may file written

---

[3] At the bottom of the screening form, there is a note which states, "Please make the changes or corrections requested and resubmit the original appeal within fifteen working days. Once an appeal has been cancelled that appeal may not be resubmitted. However a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation decision is granted." (Opp., p. 26.) In this case, no changes or corrections were requested, and it appears that Plaintiff's appeal was screened out rather than cancelled. Even if Plaintiff's appeal was arguably cancelled, however, the language in the screening decision does not suggest that Plaintiff was required to appeal an allegedly wrongful cancellation. Sapp, 623 F.3d at 822-23.

[4] Based on the Court's finding that Plaintiff's submission of his appeal to the third level was not untimely and the appeal should have been considered, the Court does not reach Plaintiff's other arguments that the prison wrongfully rejected his appeal as an emergency appeal and the prison wrongfully failed to accept his appeal at the third level of review because it was an ongoing issue.

6

1 objections with the Court. The document should be captioned "Objections to Magistrate Judge's
2 Findings and Recommendations." The parties are advised that failure to file objections within the
3 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d
4 1153 (9th Cir. 1991).

8 IT IS SO ORDERED.

9 **Dated:    June 19, 2012**                              /s/ Sheila K. Oberto
                                                  UNITED STATES MAGISTRATE JUDGE