# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIGFREDO MONTOYA, | Case No.  1:10-cv-01686-AWI-SKO PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAIULRE TO PROSECUTE |
| v. | |
| DR. RAMAN, et al., | (Docs. 32 and 34) |
| Defendants. | |
| _____/ | |

Plaintiff Sigfredo Montoya, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 16, 2010.  This action for damages is proceeding on Plaintiff's verified complaint against Defendants Raman and Howard for violation of the Eighth Amendment arising out of their failure to treat the severe pain he was in from a testicular infection.

Defendants filed a motion for summary judgment on July 24, 2013.  Fed. R. Civ. P. 56. On August 14, 2013, the Court issued an order requiring Plaintiff to file an opposition or a statement of non-opposition to Defendants' motion within twenty-one days.  Local Rule 230(*l*). More than twenty-one days have passed, and Plaintiff has neither responded to Defendants' motion nor otherwise been in contact with the Court.[1]

---

[1]On August 28, 2013, the United States Postal Service returned the order as undeliverable.  A notation on the envelope indicates that Plaintiff has been discharged on parole.  However, Plaintiff has not notified the Court of any change in his address.  Absent such notice, service at a party's prior address is fully effective.  Local Rule 182(f).

1    The Court has the inherent power to control its docket and may, in the exercise of that

2 power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los*

3 *Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action

4 for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in

5 expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

6 prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

7 (5) the availability of less drastic sanctions."  *In re Phenylpropanolamine (PPA) Products*

8 *Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations

9 omitted).  These factors guide a court in deciding what to do and are not conditions that must be

10 met in order for a court to take action. *Id.* (citation omitted).

11    Based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the

12 Court is left with no alternative but to dismiss the action for failure to prosecute. *Id.*  This action,

13 which has been pending since 2010, requires Plaintiff's cooperation in its prosecution, the action

14 cannot simply remain idle on the Court's docket, and the Court is not in a position to expend its

15 scant resources resolving an unopposed motion in light of Plaintiff's demonstrated disinterest in

16 continuing the litigation. *Id.*

17    Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to prosecute.

18 *In re PPA*, 460 F.3d at 1226; Local Rule 110.

19

20

21 IT IS SO ORDERED.

22 Dated:   October 22, 2013                     _____

23                                                       SENIOR  DISTRICT  JUDGE

24

25

26

27

28